# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE McCLENDON,
:
    Petitioner,                      Case No. 3:12-cv-364

:                District Judge Timothy S. Black
  -vs-                                  Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

# REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. That Rule provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner avers that he was convicted in the Montgomery County Common Pleas Court on two counts or murder, two counts of felonious assault, and improper handling of firearms in a motor vehicle and thereafter sentenced to twenty-six years to life imprisonment, which was later reduced to eighteen years to life (Petition, Doc. No. 1, ¶¶ 3, 5, PageID 1).

McClendon pleads one Ground for Relief:

> This Petitioner requested a jury instruction on the mitigating circumstances of a sudden passion or sudden fit of rage. The evidence was sufficient for a reasonable Jury to find, by a preponderance of the evidence, that the Petitioner was reasonably provoked by the victim and that he shot him in a sudden passion or fit of rage. The Court erred by refusing to give this instruction

1

>which then prevented the Jury from considering the lesser included offenses of murder and felonious assault, as evidence was shown to support those instructions, in violation of the 5th and 14th Amendments of the U.S. Constitution.

(Petition, Doc. No. 1, PageID 5.)

After Petitioner's conviction, he appealed to the Ohio Second District Court of Appeals where he raised as his first assignment of error the proposition that the trial "court erred when it refused to instruct the jury on sudden passion or sudden fit of rage so that the lesser included offense could be considered." *State v. McClendon*, No. 23558, 2010-Ohio-4757, ¶ 11, 2010 Ohio App. LEXIS 4034 (Ohio App. 2nd Dist. Oct. 1, 2010.)

The court of appeals recognized that, under Ohio law, voluntary manslaughter is a lesser included offense of murder and aggravated assault is a lesser included offense of felonious assault. *Id.* at ¶ 17. Murder and felonious assault will be reduced to the lesser charges under Ohio law if the jury finds "the mitigating element of serious provocation by the victim that is reasonably sufficient to incite Defendant into using deadly force. . . ." *Id.*, *citing State v. Shane*, 63 Ohio St. 3d 630 (1992). The instructions for the lesser included offenses must be given "when the evidence presented at trial would reasonably support both an acquittal on the charged crime of murder or felonious assault and a conviction for voluntary manslaughter or aggravated assault." *Id.* at ¶ 18.

>In analyzing whether instructions on voluntary manslaughter and aggravated assault were appropriate, the trial court must first determine whether, on an objective standard, the alleged provocation was reasonably sufficient to bring on a sudden fit of rage. *State v. Shane* (1992), 63 Ohio St.3d 630, 634, 590 N.E.2d 272. A voluntary manslaughter or aggravated assault instruction is appropriate only when the victim caused serious provocation. *Id.*
>
>Serious provocation is provocation that is "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *Id.*, at 635. Additionally, serious provocation has been

> described as provocation that is "reasonably sufficient to bring on extreme stress and * * * to incite or to arouse the defendant into using deadly force." *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294. Classic examples of serious provocation are assault and battery, mutual combat, illegal arrest and discovering a spouse in the act of adultery. *Shane, supra* at 635.
>
> If the objective standard is satisfied, the court must next determine, under a subjective standard, whether the defendant was actually "under the influence of sudden passion or in a sudden fit of rage." *Id.*, at 634. The "'emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time'" are only considered during this subjective stage of the analysis. *Id., quoting Deem.*

*Id.* at ¶¶ 19-20. The court of appeals concluded the trial court was correct in finding that McClendon did not meet the subjective test – he was not under the influence of a sudden passion or fit of rage. *Id.* at ¶ 24. It also found that the evidence did not satisfy the objective standard and that "Defendant's version of the events, even if believed, fails to satisfy the objective prong of the serious provocation test." *Id.* at ¶ 25.

A federal habeas corpus court can granted relief only when a petitioner is confined in violation of the United States Constitution. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A defendant is entitled by the Constitution to a lesser-included offense instruction only when the evidence warrants it. *Beck v. Alabama*, 447 U.S. 625, 636, fn. 12 (1980); *Keeble v. United States*, 412 U.S. 205(1973); *State v. Kilby*, 50 Ohio St. 2d 21 (1977). "Due process

3

requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 *9 (6th Cir. May 29, 2009), quoting *Hopper v. Evans*, 456 U.S. 605, 611 (1982).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Ohio court of appeals decision in this case is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. It is therefore entitled to deference under 28 U.S.C. § 2254(d)(1). It is therefore respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

October 31, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to

make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).