UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KYLE MCCLENDON, | Case No. 3:12-cv-364 |
| Plaintiff, | Judge Timothy S. Black |
| | Magistrate Judge Michael R. Merz |
| vs. | |
| WARDEN, Lebanon Correctional Institution, | |
| Defendant. | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND
RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 2);
(2) OVERRULING PETITIONER'S OBJECTIONS (Doc. 4); (3) DISMISSING THE
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) WITH
PREJUDICE; (4) DENYING ANY REQUESTED CERTIFICATE OF
APPEALABILITY; (5) CERTIFYING THAT ANY APPEAL WOULD NOT BE
TAKEN IN GOOD FAITH; AND (6) TERMINATING THIS CASE**

This case is before the Court on the Report and Recommendations of the United States Magistrate Judge Michael R. Merz (Doc. 2) following the Magistrate Judge's initial review required by Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.[1] The Magistrate Judge concludes that Petitioner's Petition for Writ of Habeas Corpus should be dismissed and that the Court certify to the Sixth Circuit that any appeal would not be taken in good faith. Petitioner filed Objections to the Report and Recommendations (Doc. 4), which are now ripe for review.

---

[1] Rule 4 specifically provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007). As stated by the Sixth Circuit, the Rule "permits a district court to dismiss habeas petition *sua sponte* as an initial matter." *Scott v. Collins*, 286 F.3d 923, 929 (6th Cir. 2002), *abrogated on other grounds by Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

Pursuant to 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court reviews the comprehensive findings of the Magistrate Judge and considers the record *de novo*. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application challenging claims "adjudicated on the merits in State court" will not be granted unless the State court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 559 U.S. 43 (2010) (citations omitted). "[T]he relevant decision for purposes of determining 'clearly established Federal law' is the last state court decision that adjudicated the claim on the merits." *Miller v. Colson*, 694 F.3d 691, 696 (6th Cir. 2012) (citing *Greene v. Fisher*, --- U.S. ---, 132 S.Ct. 38, 44–45, 181 L.Ed.2d 336 (2011)).

The "contrary to" and "unreasonable application" clauses set forth in 28 U.S.C. § 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The "contrary to clause" applies when a "state court applies a rule different from the governing law set forth" by the Supreme Court of the United States or if the state court "decides a case differently . . . on a set of materially indistinguishable facts" as those presented to the Supreme Court. *Id.* (citation omitted). The "unreasonable application" clause applies where "the state court correctly identifies the governing legal principle" set forth by the Supreme

2

Court, "but unreasonably applies it to the facts of the particular case." *Id*. (citation omitted). In determining whether a state court unreasonably applied clearly established law, federal courts must focus "on whether the state court's application of clearly established federal law is objectively unreasonable[.]" *Id*. "[A]n unreasonable application is different from an incorrect one." *Id*. (citation omitted).

Here, following trial in the state court, Petitioner was convicted of: (1) one count of purposeful murder in violation of Ohio Rev. Code § 2903.02(A); (2) one count of felony murder in violation of Ohio Rev. Code § 2903.02(B); (3) one count of felonious assault-deadly weapon in violation of Ohio Rev. Code § 2903.11(A)(2); (4) one count of felonious assault-serious physical harm in violation of Ohio Rev. Code § 2903.11(A)(1); and (5) one count of improper handling of a firearm in a motor vehicle in violation of Ohio Rev. Code § 2923.16(B). *See State v. McClendon*, No. 23558, 2010 WL 3834985, *2 (Ohio App. Oct. 1, 2010). Petitioner was also convicted of firearm specifications with regard to each count. *Id*. Petitioner's convictions stemmed an incident occurring on February 7, 2009, when Petitioner shot David Driscoll five times at a gas station, killing Driscoll. *Id*. Pursuant to Ohio Rev. Code § 2929.02(b)(1), Petitioner's murder convictions were punishable by imprisonment "for an indefinite term of fifteen years to life."

In his Petition, Petitioner asserts a single ground for relief arguing that sufficient evidence supports a conclusion that he acted in sudden passion or in a sudden fit of rage and that the state trial court violated Petitioner's constitutional rights by failing to instruct on lesser included offenses. (Doc. 1, PAGEID 5). Petitioner objects to the conclusions of the Magistrate Judge arguing that the single ground for relief asserted in his Petition requires a review of the evidence presented at trial in the state court. (Doc. 4). Although not denying

3

he shot the victim, Petitioner contends that, "[b]ased on [the] facts, a lesser-included offense charge was constitutionally required." (Doc. 4, PAGEID 25).

Contrary to Petitioner's contention, however, the Sixth Circuit holds that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792 (6th Cir.1990)); *see also Draper-El v. Doom*, 467 Fed. Appx. 438, 439 (6th Cir. 2012) (stating that "[t]he Supreme Court has never held that due process requires lesser-included offense instructions in non-capital cases"). In fact, the Sixth Circuit has "squarely rejected [the] theory" that, even in noncapital cases, "the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the giving of an instruction on a lesser included offense where the instruction is supported by the evidence." *Todd v. Stegal*, 40 Fed. Appx. 25, 28 (6th Cir. 2002).

Here, Petitioner was neither charged with nor convicted of a capital offense, and the Sixth Circuit "has squarely rejected [the] theory" that state courts are constitutionally required to instruct on lesser included offenses in non-capital cases based on the evidence presented at trial. *Todd*, 40 Fed. Appx. at 28. There being "no clearly established Supreme Court authority [requiring] lesser-included offense instructions in non-capital cases[,]" Petitioner's ground for relief "is not a basis for habeas relief" and summary dismissal pursuant to Rule 4 is appropriate. *Dawkins v. Berghuis*, No. 1:09-cv-555, 2009 WL 2413290, *7 (W.D. Mich. Aug. 4, 2009); *see also Tyler v. Scutt*, No. 1:12-cv-396, 2012 WL 1949150, *2-3 (W.D. Mich. May 29, 2012); *McGhee v. Smith*, No. 1:12-cv-206, 2012 WL 1592764, *3-4 (W.D. Mich. May 4, 2012); *Kuroda v. Bell*, No. 2:07-CV-12310, 2007 WL 1657410, *2 (E.D. Mich. Jun. 7, 2007).

4

Even insofar as Petitioner's Petition can be read to assert that the state court arbitrarily violated Ohio law in failing to instruct on lesser included offenses,[2] the Petition (and Petitioner's Objection) fails to indicate how such refusal resulted in a fundamental miscarriage of justice. Accordingly, as required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the findings of the Magistrate Judge and has considered the issues presented *de novo*. Based on that review, the Court: (1) **ADOPTS** Report and Recommendations of the Magistrate Judge (Doc. 2); (2) **OVERRULES** Petitioner's Objections (Doc. 4); (3) **DENIES** and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) with prejudice; (4) **DENIES** any request for a certificate of appealability under 28 U.S.C. § 2253(c); (5) **CERTIFIES** that any appeal would not be taken in good faith and **DENIES** any request for leave to appeal *in forma pauperis*; and (6) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date: 4/11/13

Timothy S. Black
United States District Judge

---

[2] Where a habeas petitioner claims that "the state court so manifestly and flagrantly violated its own clearly stated law in refusing" to instruct on lesser included offenses, the Sixth Circuit finds it "conceivable that such a claim might be cognizable upon federal habeas corpus review 'where a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law.'" *Todd*, 40 Fed. Appx. at 28 (citing *Bagby*, 894 F.3d at 795). However, any "such occasions would be rare" and found only in "'the most unusual circumstances' such as where the failure to give the instruction amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person." *Id*. (citing *Bagby*, 894 F.3d at 795).